UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCISCO MENDOZA-GOMEZ,

                        Petitioner,

           v.

KARIN ARNOLD ,

                        Respondent.

Case No. 2:25-cv-01839-JNW-TLF

ORDER DENYING MOTION TO
APPOINT COUNSEL

This is a federal habeas action brought under 28 U.S.C. § 2254. This matter comes before the Court on petitioner's motion to appoint counsel. Dkt. 7. The Court, having reviewed petitioner's motion, and the balance of the record, DENIES the petitioner's motion. Dkt. 7.

Petitioner requests the appointment of counsel contending that he can "barely speak or write the English language" and has "always had help in some way when it comes to legal filings" and "will need help from hopeful bi-lin[g]ual Spanish/English legal [assistance] if it all possible." Dkt. 6 at 13, Petition. The request for counsel states that courts have "continuously time-barred" him and dismissed his filings without consideration. Dkt. 7 at 2. In a subsequent motion, petitioner "again stresses his absolute need for the appointment of court-appointed, bi-lingual defense counsel at public expense, due to his serious language barrier and severe lack in any area of legal law or its processes, proving an extreme prejudice…." Dkt. 19.

ORDER DENYING MOTION TO APPOINT COUNSEL - 1

There is no constitutional right to appointment of counsel in habeas petitions because they are civil, not criminal, in nature. *See Nevins v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Terrovona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988). Appointment of counsel is mandatory only if the district court determines that an evidentiary hearing is required. *See Terrovona*, 852 F.2d at 429; *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir.1992); Rules Governing Section 2254 Cases, Rule 8(c). If no evidentiary hearing is necessary, the appointment of counsel remains discretionary. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330–31 (9th Cir. 1986).

The Court may request an attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal citation and quotation marks omitted). These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

The Court finds that this matter does not present exceptional circumstances supporting the appointment of counsel. The record shows petitioner did not have translation assistance or bi-lingual counsel in the underlying case. *See* Dkt. 17, State Court Record. The issues presented in the petition are not particularly complex, and petitioner has effectively articulated his claims. Petitioner's inability to afford an attorney and lack of legal expertise are challenges faced by any *pro se* petitioner and do not present exceptional circumstances. Finally, petitioner has not shown at this point a

ORDER DENYING MOTION TO APPOINT COUNSEL - 2

likelihood of success on the merits and the Court has not recommended an evidentiary hearing.

The Court finds that petitioner has not shown that appointment of counsel is appropriate. Accordingly, the petitioner's motion for the appointment of counsel (Dkt. 7) is denied.

The Clerk is directed to send copies of this Order to petitioner and re-note the Deadline Date to Answer Respondent's Answer to April 10. *See* Dkt. 18, MOTION for Clarification on Deadline Date to Answer Respondent's Answer.

Dated this 10th day of March, 2026.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3