UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO MENDOZA-GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>KARIN ARNOLD,<br><br>Respondent. | CASE NO. 2:25-cv-01839-JNW<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS |

Francisco Mendoza-Gomez filed a Petition for Writ of Habeas Corpus pro se. Dkt. No. 6. On August 24, 2026, Magistrate Judge Theresa L. Fricke issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the petition with prejudice. Dkt. No. 21 at 15. Mendoza-Gomez filed objections on September 9. Dkt. No. 22. Respondents did not object. Having reviewed the record de novo, the Court OVERRULES Mendoza-Gomez's objections, Dkt. No. 22, and ADOPTS the R&R. Dkt. No. 21.

Federal Rule of Civil Procedure 72 allows a party to file written objections to an R&R within fourteen days. Fed. R. Civ. P. 72(b)(2). The objections must be "specific" and relate "to the [R&R's] proposed findings and recommendations." *Id.*

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The resulting order need not address each objection specifically. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) ("We have presumed that district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections.").

First, Mendoza-Gomez argues he was not required to file his habeas case by the statute of limitations deadline because the habeas filing package he received from the Clerk's Office did not mention any statute of limitations. But the filing deadlines outlined in 28 U.S.C. § 2241 apply to all petitioners regardless of whether they know about them or not. And while the habeas filing instructions state petitioners are not required to cite any laws, the Court is still required to apply them. Dkt. No. 22 at 2–3. Accordingly, the Court overrules Mendoza-Gomez's first objection.

Second, Mendoza-Gomez argues that he needs an attorney to litigate his case properly. The Court recognizes the real challenges pro se litigants face, but they still face the same filing deadlines as everyone else. *See Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants."). Mendoza-Gomez identifies no error in the R&R related to his pro se status. Dkt. No. 22 at 3. Accordingly, the Court overrules Mendoza-Gomez's second objection.

Finally, Judge Fricke recommended that this Court deny a Certificate of Appealability. "A certificate of appealability may issue . . . only if the [petitioner]

has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Here, the Court finds that reasonable jurists could not disagree with the R&R's recommendations. Thus, a certificate of appealability will not issue.

Accordingly, the Court ORDERS:

- The Court ADOPTS the Report and Recommendation. Dkt. No. 21.
- Mendoza-Gomez's objections, Dkt. No. 22, are OVERRULED.
- The petition for writ of habeas corpus, Dkt. No. 6, is DISMISSED with prejudice.
- Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED.
- The Clerk is directed to send copies of this Order and the accompanying Judgment to Petitioner and to the Hon. Theresa L. Fricke.

Dated this 29th day of September, 2026.

Jamal N. Whitehead
United States District Judge